WILLIAM H. HANSCOM *vs.* MINNEAPOLIS STREET-RAILWAY CO.

Submitted on briefs April 4, 1893.    Decided April 27, 1893.

**Agency, Evidence of, Construed.**

Evidence that an agent of a street-railway company was authorized by it generally to see that injured persons were taken where medical aid could be given, construed as justifying the conclusion that the agent was authorized to *employ* medical aid in such cases.

Appeal by defendant, the Minneapolis Street-Railway Company, from a judgment of the District Court of Hennepin County, *Fred-*

*erick Hooker*, J., rendered January 28, 1893, in favor of plaintiff, William H. Hanscom, for $99.71.

Andrew Bloomfield, a boy, had his left forearm broken July 30, 1892, in getting off a Cedar avenue car in Minneapolis. Charles D. Shaw, defendant's inspector, came along in the next car, and found the boy sitting on the curbstone crying, and took him to plaintiff, a surgeon, and asked him to attend to the boy. Shaw's instructions from the company were, in case of accidents, to see that the injured were taken where medical aid could be given. Plaintiff set the arm, and visited the boy several times, and afterwards presented his bill. It was not paid, and he brought this action before a Justice of the Peace, and recovered judgment October 28, 1892, for $75 and costs. Defendant appealed to the District Court on questions of law alone, and had all the evidence returned. The judgment of the Justice was there affirmed, and defendant then appealed to this court.

*Koon, Whelan & Bennett*, for appellant.

Shaw is not shown to have been authorized to employ plaintiff on behalf of the Railway Company. *Peninsular R. Co.* v. *Gary*, 22 Fla. 356; *Mayberry* v. *Chicago, &c., Ry. Co.*, 75 Mo. 492; *Cooper* v. *New York Cent. & H. R. R. Co.*, 6 Hun, 276; *Schriver* v. *Stevens*, 12 Pa. St. 258; *Atchison & N. R. Co.* v. *Reecher*, 24 Kan. 228; *Atlantic & P. R. Co.* v. *Reisner*, 18 Kan. 458; *St. Louis, A. & T. Ry. Co.* v. *Hoover*, 53 Ark. 377; *Terre Haute, &c., R. Co.* v. *Stockwell*, 118 Ind. 98; *Terre Haute & I. R. Co.* v. *McMurray*, 98 Ind. 358.

*Jay W. Crane*, for respondent.

When the superintendent, or other person in authority, of a railway company, is notified that an employe has engaged a physician to attend a person injured on the railway, on the credit of the company, such superintendent, or other person in authority, must at once disavow such employment, and notify the physician of the fact, or the company will be held to have ratified such employment. *Toledo, W. & W. R. Co.* v. *Prince*, 50 Ill. 26; *Indianapolis & St. L. R. Co.* v. *Morris*, 67 Ill. 295; *Cairo & St. L. R. Co.* v. *Mahoney*, 82 Ill. 73; *Pacific R. Co.* v. *Thomas*, 19 Kan. 256; *Stearns* v. *Johnson*, 19 Minn. 540, (Gil. 470.)

Dickinson, J. While a boy was getting off one of the defendant's street cars his arm was broken. He was taken by an agent or servant of the defendant, one Shaw, to the plaintiff's office, he being a physician and surgeon. He performed the necessary surgical services, treating the boy until recovery. By this action he seeks to recover from the defendant for such services. The evidence tended to show that when Shaw took the boy to the plaintiff's office he requested the plaintiff to attend to the case, and assured him that the defendant would be responsible. The question is presented as to Shaw's authority to thus bind the defendant. He appears to have been an "inspector," whose general duties were to supervise the conduct of other employes in the car service, he acting as their superior. If no more than this had been shown, perhaps it could not have been inferred that he had authority from the defendant to employ a surgeon to treat an injured passenger; but it was shown that the defendant had instructed Shaw, in case of accidents, "to see that those injured were taken somewhere where medical aid could be given," and that he took this boy to the plaintiff pursuant to such instructions. This instruction may well be regarded as contemplating the specified action on the part of Shaw, of his own volition, and without any request by the persons injured; and so he appears to have acted in the case under consideration. Neither the boy, nor any one in his behalf, appears to have made any request or to have exercised any choice or volition in the matter. It may be inferred from the evidence that Shaw, acting upon the defendant's general instructions, as above stated, took the boy to this surgeon, selected by himself, in order that the broken arm might be properly treated. From the evidence already referred to, as to Shaw's authority in such cases, it might reasonably be considered, and so the justice may be supposed to have viewed the case, that Shaw's instructions did not contemplate or mean merely that he should remove injured persons to such a *place* that medical aid could be *there* bestowed, if a physician or surgeon should come there, by chance or in response to the request or call of any person, but rather that the meaning of his instructions was to place such persons under proper medical or surgical treatment,—to see that they should receive such treatment. So construing the evidence, it went to show that Shaw's authority was such that the defendant became chargeable upon his employment of the

plaintiff in behalf of the defendant.    Hence it is not necessary to consider the subject of ratification.

Judgment affirmed.

VANDERBURGH, J., did not participate in this decision.

(Opinion published 54 N. W. Rep. 944.)

