FOWLER and another, Appellants, vs. McCANN, Respondent.

*November 9 — November 28, 1893.*

#### Deceit.

False representations which were not relied upon are not actionable.

APPEAL from the Circuit Court for *Richland* County.
The complaint alleges that on December 24, 1889, the plaintiffs were the owners of the eighty acres of land described and known as " Horse Creek Farm," and conveyed

to and exchanged the same with the defendant, at an agreed price of $1,800, for a house and lot in Richland Center, at an agreed valuation of $500, and cash to the amount of $300; and in lieu of the balance of said consideration the plaintiffs were induced by the defendant to accept a promissory note executed by Louis and Mary Roque to the defendant or his order for $1,000, dated November 23, 1888, secured by mortgage on eighty acres of land described and known as the " Mill Creek Farm;" that to induce the plaintiffs to accept said note and mortgage the defendant fraudulently represented to the plaintiffs that the premises covered by the mortgage were worth $2,600; that one acre thereof was worth more than two acres of the land plaintiffs conveyed to the defendant; that the land was worth more than any eighty acres of land on Horse creek; that all of it was good farming land, suitable for and capable of cultivation; that it lay in the valley of Mill creek; that forty acres of the same were cleared; that in the season of 1889 Roque raised eighteen acres of good corn thereon; that the uncleared land was thickly covered with extra fine and valuable timber; that much of the timber was tie timber; that there was enough timber on the place to pay off the mortgage; that there was a large and good log house on the premises, clapboarded on the outside and lathed and plastered on the inside; that there was a large and good log double barn on the premises; that there were good corncribs, a good pigpen, and other outbuildings on the premises, all sufficient for the needs and requirements of the place. It is alleged that all of said representations were untrue and false, and so known to be at the time they were made. Plaintiffs claim $1,000 damages and interest. The answer consists of admissions, denials, and counter allegations.

At the close of the trial the jury returned a special verdict, to the effect: (1) That the Roque mortgage was

transferred by the defendant to the plaintiffs in the trade between them at the price of $1,000. (2) That the defendant did not represent to the plaintiffs, before said trade was consummated, that the eighty acres of land near Mill creek, covered by the mortgage, was good farming land, and that all of it, when cleared, could be cultivated; (3) nor that said mortgaged land was good farming land and was worth more than any two eighties of land on Horse creek; (4) nor that said Mill creek farm was well timbered, and that the timber upon it was of sufficient value to pay off said mortgage; (5) nor that Roque had built upon said mortgaged premises a substantial hewed log house that was lathed and plastered. (6, 7) That the defendant did then represent to the plaintiffs that forty acres of said Mill creek farm were cleared, and (8, 9) that the Mill creek farm was worth $2,600. (10) That such representations were false. (11) That the defendant had been upon said Mill creek farm before he assigned the mortgage thereon to the plaintiff, and knew the character of the same and the improvements thereon. (12, 13) That the Mill creek farm was not good farming land, and could not, any more than forty acres of it, be cleared and cultivated. (14) That this Mill creek eighty was poor farming land, (15) and was poorly timbered in December, 1889. (16) That the marketable value of the timber thereon was $175. (17) That the mortgagor, Roque, had not built thereon a substantial hewed log house that was lathed and plastered, (18) but only a fair log house, hewed on inside. (19) That only thirty acres of said land were cleared at that time. (20) That the value of said mortgaged land at the time was $1,130. (21) That the defendant knew that such representations were false at the time he made them. (22) That the plaintiffs did not believe said false representations made by the defendant to be true; that they were not deceived by them; that they did not rely upon them in taking this Roque

mortgage, and they were not induced by such representations to take said mortgage. (23) That the plaintiffs, or either of them, did not know this Mill creek land at the time said mortgage was transferred to them. (24) That said mortgage would have been worth at the time the defendant transferred it to the plaintiffs, if the representations found to be false had been true, the sum of $1,000. (25) That said mortgage was worth, at the time the defendant transferred it to the plaintiffs, $700.

The court denied the plaintiffs' motion to set aside the special verdict and for a new trial, and also denied their motion for judgment on the special verdict; and thereupon the court granted the defendant's motion for judgment, and the same was entered accordingly. From that judgment the plaintiffs appeal.

*Michael Murphy*, of counsel, for the appellants.

For the respondent there was a brief by *Eastland & Son*, attorneys, and *John D. Wilson*, of counsel, and oral argument by *Mr. Wilson*.

CASSODAY, J. It appears from the special verdict set forth in the foregoing statement that the defendant represented to the plaintiffs that forty acres of the Mill creek farm were cleared, when as a matter of fact there were only thirty acres of the same cleared; that that farm was worth $2,600, when as a matter of fact it was only of the value of $1,130; that the defendant knew such misrepresentations to be false at the time he made the same; that, had such representations been true, the mortgage would have been worth $1,000; that as a matter of fact it was only worth $700 at the time of the transfer. Such are the only false representations found by the jury. Had the plaintiffs been induced to make the trade or exchange by reason of such false representations, then, under such findings, the plaintiffs would have been entitled to a judgment

for $300. But the jury expressly find that the plaintiffs were not so induced. The twenty-second finding is to the effect that the plaintiffs did not believe such false representations to be true, and were not deceived thereby, and did not rely upon them in making the trade, and were not induced by them to take the mortgage. The evidence is sufficient to sustain this finding, and we do not perceive that this finding is inconsistent with the other findings in the case. It is well settled that a mere expression of an opinion as to the value of land to be exchanged for other land will not amount to a fraudulent representation. *Maltby v. Austin*, 65 Wis. 527; *Gordon v. Butler*, 105 U. S. 553; *Homer v. Perkins*, 124 Mass. 431. The misrepresentations made, however, were something more than a mere expression of opinion as to the value of the mortgaged premises. But, in order to render a misrepresentation an actionable fraud in any case, it must, among other things, be relied upon by the person to whom it is made, or whose action it is intended to influence. *Slaughter's Adm'r v. Gerson*, 13 Wall. 379; *Craig v. Hamilton*, 118 Ind. 565; *Whiting v. Hill*, 23 Mich. 399. This principle is elementary. 8 Am. & Eng. Ency. of Law, 636, 637, and cases there cited. Here, according to the verdict, the plaintiffs did not rely upon the false representations made; and hence they have not been damaged thereby and of course cannot recover.

*By the Court.*— The judgment of the circuit court is affirmed.