ADAMS & REID (medical firm) v. SOUTHERN RAILWAY CO.

(Decided December 22, 1899.)

*Railroad Accident—Injured Tramps—Medical Treatment— Conductor's Authority.*

There are some emergency instances in which the conductor may engage a physician to attend the company's servants or passengers, when injured; but as to trespassers on its road, no such authority exists.

ACTION upon a medical bill determined, upon a case agreed, by *McNeill, J.,* at September Term, 1899, of GASTON Superior Court. Three tramps were injured by an accident while stealing a ride on defendant's road, and the plaintiffs, a medical firm, were summoned by the conductor to attend them. They rendered the service, and sent in their bill, which the defendant refused to pay. His Honor rendered judgment in favor of plaintiffs, and defendant appealed.

*Mr. G. F. Bason,* for appellant.
*Mr. A. G. Mangum,* for appellee.

FAIRCLOTH, C. J.   This action is to recover for professional services.   On August 20, 1898, the defendant's freight train ran into a washout on the road, about 2.30 o'clock a. m. A few cars passed over the washout, but seven cars in the middle of the train went down, on which were some trespassers —men stealing a ride.   The occurrence was a quarter of a mile from Gastonia, a station on the defendant's road.   On the arrival at the station the conductor and engineer engaged the plaintiff's services to treat the injuries of some of the trespassers.   At 9 o'clock a. m., after the services were rendered, the station agent, in response to an inquiry received from the superintendent from the defendant's road at Charlotte, N. C., 20 miles away, received the following:   "Surgeons should understand we will not bear any expense in connection with injured tramps.   (Signed) Rider, Superintendent."

This is not a question of negligence on the part of the defendant in causing the injury, but a question of the conductor's authority to employ the plaintiffs at the defendant's expense, under the circumstances.   Therefore, *Pearce v. Railroad,* 124 N. C., 83, is not in point.   The conductor has no authority to make contracts binding on his employer, outside of the scope of his employment, unless express authority is given or necessarily implied from his employment.

There are some emergency instances in which the conductor may engage a physician to nurse the defendant's servants or passengers, when injured, but as to trespassers on the defendant's road no such authority is found to exist.

The subject is considered at length, and numerous authorities cited, in 6 Rapalgy's Digest, 392, sec. 3, and in *Hanscom v. Railway Co.,* 20 L. R. A., 695, notes.   These cases hold against the right of the plaintiffs to recover in this case.

Nothing in the record discloses the conductor's authority to bind his employer, upon the facts agreed and presented to this Court.

Judgment reversed.