## M. H. EVANS, Respondent, v. MARION MINING COMPANY, Appellant.

### Kansas City Court of Appeals, June 8, 1903.

Mining Corporations: AUTHORITY OF PRESIDENT: NEGLIGENCE: MEDICAL ATTENTION. Where a mining company negligently injures its servants, the president has authority to engage medical attendance, since he is charged with the general interest and welfare of the company, which is served by lessening the damages for which its negligence has made it liable.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*Thomas Dolan* for appellant.

(1)   The employment of a physician or surgeon not being within the scope of the duties of either Allen, the president of the appellant corporation, or Bagsby, the mine foreman, they could not bind the appellant by calling in a physician and surgeon to treat employees of appellant.   Brown v. Railroad, 67 Mo. 122; Mayberry v. Railroad, 75 Mo. 492; Tucker v. Railroad, 54 Mo. 177; Spellman v. Milling Co., 55 L. R. A. 640.   (2) "The general rule is that where a person requests the performance of a service, and the request is complied with and the service is performed, the law raises an implied promise to pay the reasonable value of the service. But this rule does not obtain where a person requests the physician to perform services for a patient unless the relation to that patient is such as raises a legal obligation on his part to call in a physician and pay for the services."   Meisenbach v. Cooperage Co., 45 Mo. App. 232; Jesserich v. Walruff, 51 Mo. App. 270; Rankin v. Beale, 68 Mo. App. 325; Crane v. Baudineir, 55 N. Y. 256; Spellman v. Min. Co., supra.

*Cole & Burnett* for respondent.

(1)   Parol contracts may be binding upon corporations   .   .   .   and contracts may be implied upon the part of such corporations from their corporate acts, or of those of an agent whose powers are of a general character.   Sec. 974, R. S. 1899.   The Missouri cases cited by appellant are not in point, for the reason that the employment was not made in any of those cases by an agent whose powers are of a general character.   (2) It was enough for the surgeon to know that he was employed by a superior officer of general and extensive authority, without inquiring whether the company was bound to respond in damages to the injured man.   Railroad v. Davis, 126 Ind. 99; 9 L. R. A. 503; Railroad v. Thomas, 19 Kan. 256; Railroad v. Reisner, 18 Kan. 458;

Railway v. Beatty, 35 Kan. 268; Railway v. Winterbotham, 52 Kan. 433; Trenor v. Railroad, 50 Calif. 222; Jones v. Williams, 139 Mo. 1; Bank v. Fricke, 75 Mo. 178; Bank v. Bank, 107 Mo. 133. (3) A contract made by the president of a corporation, will be presumed to be within his power as an officer in the absence of evidence to the contrary. Bambrick v. Campbell, 37 Mo. App. 463; Winscott v. Investment Co., 63 Mo. App. 369; Bank v. Griffin, 168 Ill. 314; 48 N. E. 154; Patterson v. Electric Co., 87 Hun 462; 34 N. Y. 209; Railway v. Bastian, 15 Md. 49; Hodges v. Power Co., 109 Mich. 547; 67 N. W. 564. (4) A contract entered into on behalf of a business corporation by its agent or manager is admissible in evidence against the corporation without proof that its execution was authorized by any formal corporate act. Scofield v. Parlin & Orendorff Co., 61 Fed. 804; 10 C. C. A. 83; 18 U. S. App. 692; Goodwin v. Screw Co., 34 N. H. 378; Dobbins v. Manganese Co., 75 Ga. 450.

ELLISON, J.—Oscar Abbott, John Lackey and George Williams were employees of defendant, a mining corporation. While engaged in the line of their duty and employment they were injured through the negligence (as plaintiff charges) of defendant. As to Abbott, at least, the president and general manager of the defendant company requested the plaintiff, who is a physician, to attend him in his professional capacity. This the plaintiff did and defendant refusing to pay the bill rendered, he brought the present action. The petition is in three counts, one for services to each employee. Whether there was evidence that defendant's president authorized the services rendered to the other two employees need not be considered, since, if he did, our disposal of the case as it refers to Abbott will apply to the others. At the trial, the court directed a verdict for defendant, and plaintiff, by leave, took a nonsuit. On his motion the court set aside the nonsuit and

granted a new trial. The defendant thereupon appealed.

The sole question presented is whether defendant's president and general manager had authority to bind it for medical services rendered by a physician in attending one of its employees hurt in the course of his work through the negligence of the defendant. In support of the presumption that he has no such authority, we are cited to the cases from this State of Brown v. Railway, 67 Mo. 122; Mayberry v. Railway, 75 Mo. 492; Tucker v. Railway, 54 Mo. 177; as well as the case of Spellman v. Gold Mining Co., 26 Mont. 76. In the Brown case, a division superintendent directed a druggist to furnish a woman with medicine, who had been hurt by a railroad locomotive. It was held that as there was "no proof offered of the duties of such officer," the court could not take judicial notice of them. In the Mayberry case, a railroad physician was held not authorized to contract, in the railway's name, for board and lodging for an employee injured on the company's road. In the Tucker case, a station agent and a conductor were held not to have authority to engage a physician to attend a brakeman injured by the company's train.

In none of these cases, including that from Montana, did it appear that the injury happened through the negligence of the defendant sought to be held liable, and we therefore do not regard them as supporting defendant's position in the present case. Neither do we regard them as authority applicable, for the further reason that the officers representing the defendants were of much inferior grade to that of president and general manager. In this case, we must assume that Abbott was injured through the negligence of defendant. It was, therefore, liable to him for the damage occasioned by the injury, including the expense of a physician. It was directly interested in seeing that such injuries were

not made worse by lack of medical attention and that the suffering and other ill consequences should be lessened in every proper way. Its president and general manager, who is necessarily in charge of its general interests and welfare, was certainly not acting outside his duties when he was doing that which was lessening the damages for which he found it had become liable. In support of the view here expressed, we cite: Cinn. Ry. Co. v. Davis, 126 Ind. 99; Pacific Ry. Co., v. Thomas, 19 Kan. 256; A. & P. Ry. Co. v. Reisner, 18 Kan. 458; U. P. Ry. Co. v. Beatty, 35 Kan. 268; Toledo Ry. Co. v. Rodrigues, 47 Ill. 188; Cairo Ry. Co. v. Mahoney, 82 Ill. 73.

The judgment with the concurrence of the other judges is affirmed.