MANNEL, Respondent, vs. SHAFER, Appellant.

*March 11—March 31, 1908.*

*Fraud: Misrepresentation: Plaintiff's reliance: Evidence: Sufficiency.*

1. In an action to rescind a contract by which plaintiff transferred livery stock for defendant's timber lands, for restitution of property, and for damages, on the ground that defendant had fraudulently misrepresented the quantity of the land and of the timber thereon, the evidence is *held* sufficient to sustain the trial court's finding that defendant made fraudulent representations which deceived the plaintiff, notwithstanding the contention of defendant that plaintiff had opportunity to examine the land and had actual knowledge of the facts from his personal observations.
2. In an action to rescind a contract for the exchange of livery stock for timber lands, on the ground of fraudulent misrepresentations as to the quantity of land and of the timber thereon,

the evidence showed that plaintiff's agent made a hasty inspection of but a small part of the lands embraced in the negotiations; that the part so actually viewed had on it a much larger quantity of timber per acre than the portion not seen; that defendant represented at the time that the other portions not viewed were as good or better than those viewed; that further inspection was omitted to enable the parties to return to the station to take the only train home that day. *Held*, that plaintiff's agent was justified in relying on defendant's representations.

3. Where parties are so situated in relation to the subject entering into a contract that defendant is under a duty to communicate to plaintiff the true facts, the failure so to do is at defendant's peril, whether through ignorance, carelessness, or wilful misstatement.

APPEAL from a judgment of the circuit court for Monroe county: J. J. FRUIT, Circuit Judge. *Affirmed*.

The complaint alleges that the defendant transferred by deed to the plaintiff certain lots of land, and as consideration therefor plaintiff executed and delivered to defendant a bill of sale of certain livery stock owned by her. It is alleged that the livery stock was of the value of $3,000, that this value was agreed upon by the parties, and that defendant took possession of and has since remained in actual possession of the livery stock. It is alleged that the defendant represented to the plaintiff's agent, Mr. Mannel, in the negotiations for the trade, that the lots comprised a full quarter-section and exceeded 160 acres in area; that the lands were valuable on account of the amount of timber thereon, which was represented to be 3,000 cords of not less than $2,900 in value; and that the amount of timber on this land would run better than other lands shown plaintiff's agent upon which the timber would cut from twenty-five to thirty cords per acre. The statements made by the defendant are alleged to have been falsely and fraudulently made for the purpose of inducing plaintiff to make the trade. The amount of timber on the lands is alleged to have been much less than represented,

not exceeding 300 cords, with a value of not more than $300. The timber land is also alleged to be much less than was represented. The land is described as located on an island in the Mississippi river, useful only for pasture, and as not exceeding $600 in value.

Plaintiff alleges that the statements made by defendant were relied upon by herself and her agent and that she was thereby induced to transfer her livery stock in exchange for the lots of land and a cash payment of $100. Before learning of the falsity of the representations plaintiff sold fifty-eight cords of standing timber from the lots, of a value of $58. Plaintiff or her agent did not visit the lands until a month after the transfer, when she alleges she first received an intimation of the falsity of the representations made by the defendant. This was at a time when the land was covered with deep snow and when it was impossible to have the premises surveyed and the amount of timber estimated. It is alleged that restitution was demanded of the defendant and cancellation of the transfers of property and a return of the livery stock, and that plaintiff tendered defendant a deed of the land, together with the sum of $100. This offer was refused by the defendant, and plaintiff alleges that subsequently she rescinded the sale for the fraud practiced upon her and demanded a return from the defendant of her livery stock, and tendered to the defendant a properly executed deed of all right, title, and interest in the lands, together with the sum of $100 and interest thereon, and the further sum of $58, the value of the timber sold from the land by the plaintiff. This tender was rejected.

. Defendant has been conducting the livery business, and plaintiff demands damages in the sum of $150 because she has been deprived of the benefit, use, and income thereof. Damages in the sum of $500 are also demanded for alleged depreciation in the livery stock, and the sum of $300 as plaintiff's damages by reason of the expenses and loss of time

because of defendant's fraud. Defendant denied that the parties agreed upon the value of the livery property at $3,000, but claims that it was $2,400. He alleges that plaintiff's agent and he visited the lands before the transfer and that he pointed out the boundaries and limits of the lots. He also claims that plaintiff's agent had sufficient opportunity to acquaint himself with the lands and had full knowledge of the nature of the land and the quantity of timber thereon, and he denies that he practiced any fraud or that he was guilty of any false or fraudulent representations respecting it.

The court found that during the negotiations for the transfer defendant falsely and fraudulently represented to plaintiff's agent that the lots comprised a full quarter-section, that the timber would run as good as upon other lands shown the agent, which in fact would cut about twenty-five cords per acre, and that he falsely and fraudulently represented there were between 5,000 and 6,000 cords of standing timber upon the tract owned by him, part of which was shown to plaintiff's agent, and that over one half thereof was upon the lots which were afterwards sold and transferred to plaintiff, when in truth and fact the lots contained but 114 acres and the timber thereon did not exceed 337 cords. The further findings of the court were that prior to the transfer plaintiff or her agent had no personal knowledge of the amount of timber upon the land, and that plaintiff was induced to make the transfer relying upon the representations of the defendant, that defendant knew them to be false, and that plaintiff and her agent were not guilty of a want of ordinary care and prudence in the transaction. Plaintiff was found entitled to damages upon the grounds alleged, and was awarded judgment canceling the transfers of property and for damages and costs. This is an appeal from the judgment entered in accord with these findings.

For the appellant there was a brief by *Bowler & Bowler*

and *R. A. Richards,* and oral argument by *Mr. Richards* and *Mr. James J. Bowler.*

For the respondent there was a brief by *Masters, Graves & Masters,* attorneys, and a separate brief by *C. W. Graves,* of counsel, and the cause was argued orally by *C. W. Graves* and *R. B. Graves.*

SIEBECKER, J.  The appellant urges a review of the court's findings of fact upon the ground that they are against the clear preponderance of the evidence.  From the foregoing statement of facts it appears that the court found the evidence establishes that defendant committed a fraud upon plaintiff by wilfully misrepresenting to her agent the quantity of timber land within the descriptions embraced in the transfer and the quantity of timber thereon.  It is averred that the evidence fails to show that defendant made any of the alleged misrepresentations.  We have examined the record and find ample evidence tending to show that such misrepresentations were made by the defendant to plaintiff's agent on the day they viewed a part of the premises and thereafter during the negotiations for the sale thereof.  But it is claimed that under the facts and circumstances disclosed it appears that Mr. Mannel, plaintiff's agent, could not have been deceived by the alleged false and fraudulent representations because he had full opportunity to examine the lands and the timber thereon when he inspected them with defendant, and that he in fact had actual knowledge of these facts from personal observation of the lands and timber.  This contention is not sustained by the evidence adduced.  It appears that the inspection of the premises on this occasion was limited to a hasty view of but a very small part of the lands embraced in the negotiations, and that the part so actually viewed had on it a much larger quantity of timber per acre than the portion not seen.  It also appears that the defendant represented to Mr. Mannel that the other lands not viewed

and which plaintiff bought had a larger quantity of timber per acre than the portion they viewed. It is evident that plaintiff and her agent relied on these misrepresentations and were thereby induced to make the purchase, believing that the premises so sold them by the defendant had 3,000 cords of growing timber on them, as defendant represented. The evidence is clear that the quantity of timber was in fact very much less than this amount and that defendant had knowledge of this fact.

The claim that plaintiff and her agent had no right to rely on these representations of defendant, under the circumstances shown, is not well founded in fact. True, Mr. Mannel might have insisted on a full examination and inspection of all the lands and timber on the premises purchased, yet he testifies that he did not do so because defendant stated to him that the timber on the lands not viewed was as good and better than the portion they were then viewing, which in fact ran about twenty-five cords per acre. It also appears that they omitted further inspection to enable them to return to the station in time to take the only train home that day, and that Mr. Mannel believed defendant's statement that the quantity of timber on the land not inspected was as good as on the portion they viewed. Under the circumstances shown, Mr. Mannel was justified in relying on defendant's representations of these facts covered by their negotiations. The parties were so situated in relation to the subject under consideration that defendant was called upon to communicate to plaintiff the true facts involved, and failure so to do was at his peril, whether made through ignorance, carelessness, or wilful misstatement. We do not deem it necessary or profitable to recite in detail the evidence sustaining the court's conclusion. An attentive examination of it persuades us that the court's findings of fact are abundantly supported by the evidence.

*By the Court.*—Judgment affirmed.