# CASES DETERMINED

## January Term, 1912.

HABHEGGER and another, Respondents, vs. KING, Appellant.

*February 22—March 12, 1912.*

*Agency: Employment of physicians for person injured by automobile: Implied authority of minor son: Special verdict: Omitted facts.*

1. A minor son has no implied authority to employ physicians, at the expense of his father, to attend a person run over and injured by the son while using the father's automobile for his own pleasure or convenience, especially where the injury was purely accidental and without fault on the part of the son.
2. Sec. 2858m, Stats. (Laws of 1907, ch. 346), is not applicable to a matter which the trial court refused upon request to submit to the jury.

APPEAL from a judgment of the circuit court for Jefferson county: GEORGE GRIMM, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Kading & Kading,* and oral argument by *C. A. Kading.*

For the respondents there was a brief by *Arthur Mulberger* and *R. W. Lueck,* and oral argument by *Mr. Lueck.*

TIMLIN, J. The plaintiffs, suing for medical services performed upon one Richard Karge, had a verdict finding that Charles King, the minor son of defendant, at the time of the accident in which Karge was injured had general permission from his father to run and operate his father's automobile,

and that the services in question were performed at the request of Charles. It is conceded that this verdict alone would not support the judgment, but it is said that the judgment in favor of the plaintiffs must be taken to find, under ch. 346, Laws of 1907 (sec. 2858m, Stats.), either that the defendant authorized Charles to employ the plaintiffs or ratified such employment. But this statute does not apply so far as authorization is concerned, because the defendant requested that that question be submitted to the jury. We do not find any evidence tending to show that Charles King was authorized by the defendant, his father, to employ the doctors for Karge. The latter had been run over and injured in the public street by Charles King while the latter was using his father's automobile for his own pleasure or convenience. It was stipulated on the trial in this case that this was purely accidental and without fault on the part of Charles King. The injured boy was taken to a near-by hospital by the hospital superintendent, who telephoned for one of the plaintiffs, and Charles King took this doctor in his automobile to the hospital, informing him of the occurrence, and while at the hospital requested the doctor to give the injured boy every attention to save his life. He did not attempt to contract on behalf of the defendant nor did the doctors communicate with the defendant at any time before the completion of the services for the value of which this suit is brought. When the injured boy was about to be discharged from the hospital the hospital superintendent, in an interview with defendant, told him that the boy's mother was poor and would probably never be able to pay the hospital charges and requested defendant to do something toward paying the bill, whereupon the defendant paid the hospital bill, informing the superintendent that he was not responsible. The second day after this he received a bill from the plaintiffs for their services. He had heard that doctors were attending the injured boy at the hospital, but did not know they were making a claim against him until he re-

ceived this latter bill, which he refused to pay. The circuit judge, after submitting the special verdict to the jury, stated that Charles King had no actual oral or written direct authority from his father to employ the plaintiffs for the purpose stated, but that he had implied authority as matter of law. Upon this showing can there be any recovery against the defendant? There is no evidence of ratification and judgment did not go upon that ground.

The law relating to the agency of servants to bind the employer to pay for physicians or nurses in attendance upon persons injured by the negligence of such servants will be found in *Adams v. Southern R. Co.* 125 N. C. 565, 34 S. E. 642, 16 Am. & Eng. R. R. Cases, N. S., pp. 369 to 379, where the cases are collected. Also in *Hanscom v. Minneapolis St. R. Co.* 54 Am. & Eng. R. R. Cases, 226, 53 Minn. 119, 54 N. W. 944, 20 L. R. A. 695. The employment must have been of such nature that this act of the servant is reasonably within its scope, as in the case of a general superintendent of a railway company, general manager or agent, and by some authorities a railroad conductor. *Terre Haute & I. R. Co. v. Stockwell,* 118 Ind. 98, 20 N. E. 650; *Louisville, E. & St. L. R. Co. v. McVay,* 98 Ind. 391. These cases go largely upon the corporate character of the employer, the usual practice pursued, and the great exigency which arises in railroad disasters, and the dangerous character of the business. A mere chauffeur or automobile driver, in a town where the employer is known and can be readily reached by telephone or by other speedy and certain means of communication, would not ordinarily possess such authority. Neither would an infant son using his father's automobile under like circumstances. This follows from the logic of the decisions in *Baker v. Witten,* 1 Okl. 160, 30 Pac. 491; *Malone v. Robinson* (Miss.) 12 South. 709; *Holmes v. McAllister,* 123 Mich. 493, 82 N. W. 220; *Hiroux v. Baum,* 137 Wis. 197, 118 N. W. 533; *Kumba v. Gilham,* 103 Wis. 312, 79 N. W. 325.

Besides, the stipulation entered into upon the trial, to the effect that the injuries here were the result of mere accident for which the boy in charge of the automobile was not to blame, cut away the groundwork of such implied agency, even if otherwise within the reasonable scope of employment by reason of an implied authority to save the employer from damages caused by the negligence of the employee. *Godshaw v. J. N. Struck & Bro.* 109 Ky. 285, 58 S. W. 781; *Lithgow Mfg. Co. v. Samuel* (Ky.) 71 S. W. 906; *Evans v. Marion M. Co.* 100 Mo. App. 670, 75 S. W. 178; *Cox v. Midland Counties R. Co.* 3 Exch. 268.

The conclusion of the trial court that the boy had in law implied authority to employ physicians at the expense of his father was incorrect and the judgment must be reversed.

*By the Court.*—Judgment reversed, and the cause remanded with directions to render judgment for defendant.