SCHAUER, Respondent, vs. BODENHEIMER, Appellant.

*September 19—October 8, 1912.*

*Sales: Deceit: False-representations: Concealment: Action to recover
price: Questions for jury: Special verdict: Insufficiency: Re-
fusal to submit questions: Waiver of jury trial: Motion for
judgment.*

1. In an action by the vendee to recover the purchase price paid
   for a horse, upon the ground of fraud in concealing the fact
   that the horse was afflicted with a disease which rendered it
   worthless and in falsely representing that it had another disease
   and that such disease was of no consequence, it appeared that
   the horse, when sold, obviously had some disease, but upon the
   evidence it was a question for the jury whether this materially
   lessened its value.    It was also a question for the jury whether
   plaintiff relied upon the alleged representation or was induced
   to purchase by the concealment, but the trial court refused to
   submit that question; and the jury, disagreeing, left unan-
   swered the question whether defendant, for the purpose of in-

ducing the sale, falsely and deceitfully failed to inform plaintiff that the horse was afflicted with disease. *Held* that, the material issues mentioned not having been determined by the special verdict, a judgment for plaintiff was not warranted.

2. It was prejudicial error in such case to refuse to submit to the jury the question whether plaintiff relied upon the alleged false and fraudulent statement.

3. By moving for judgment upon the verdict and the undisputed evidence a party does not submit his whole case to the court so as to give the court the right to make findings upon material controverted issues upon which the jury failed to agree or which the court had refused to submit to the jury.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Reversed.*

This is an action in deceit brought to recover the purchase price of a mare and colt sold by defendant, appellant, to the plaintiff, respondent. The right of recovery is based upon alleged fraud in concealment of a material fact and false representation. Before action brought the plaintiff returned or offered to return the property and demanded the purchase money. The purchase was made June 27, 1910, and a written warranty given warranting that the mare had no heaves and was not wind-broken. The charge of false and deceitful representation alleged in the complaint was that the mare had chicken lice, while in fact she had a disease known as mange, of which the plaintiff was ignorant, and which disease rendered her of no value. The answer denies the material allegations of the complaint and denies any warranty or false or deceitful representation, and alleges that defendant refused to give any warranty except the one in writing referred to. The case was submitted to the jury on a special verdict, and after being out twenty-four hours the jury answered all the questions except the sixth, but failed to agreed on the sixth and it was left unanswered. The following is the verdict as returned and filed:

"(1) Did the defendant on or about June 27, 1910, sell to the plaintiff the mare and colt in question for $280? *A.* (by the court). Yes.

"(2) Was said mare at the time of said sale afflicted with the disease called mange? A. No.

"(3) If your answer to the second question should be 'No,' then answer this: Was said mare at the time of said sale afflicted with a disease known as an eczematous condition resulting from mange? A. Yes.

"(4) If you should answer the second question or the third question 'Yes,' then answer this: Did the defendant know that said mare was so afflicted with said disease at the time of said sale? A. Yes.

"(5) If you should answer the fourth question and answer it 'Yes,' then answer this: Did the plaintiff know at the time he purchased said mare that she was afflicted with said disease? A. No.

"(6) If you should answer either the second or third question and the fourth question 'Yes,' then answer this: Did the defendant, for the purpose of inducing the sale, falsely and deceitfully fail to inform the plaintiff that said mare was afflicted with said disease? A. ——."

After this verdict was returned the court discharged the jury. This was on December 9, 1911. Afterwards the case was noticed by the plaintiff for trial at the March, 1912, term and again placed upon the calendar, but before it was reached the defendant filed an affidavit of prejudice. The court held the case and called in another judge to try it. Before the time set for trial the defendant moved for judgment upon the verdict as returned, upon the minutes of the court, the uncontradicted evidence, and the entire record of said action, which motion was denied. Counsel for defendant also moved for a new trial upon several grounds, and among others because the verdict was contrary to law, and because it did not cover all the material issues in the action and was insufficient, and because there was a mistrial, which motion was also denied. Judgment was ordered for the plaintiff, from which this appeal was taken.

For the appellant there was a brief by *Sheridan, Evans & Merrill,* and oral argument by *P. Sheridan.*

For the respondent there was a brief by *Martin, Martin & Martin,* and oral argument by *J. F. Martin.*

KERWIN, J.   As appears from the statement of facts the jury failed to agree upon the sixth question of the special verdict, as to whether the defendant, for the purpose of inducing the sale, falsely and deceitfully failed to inform the plaintiff that the mare was afflicted with disease. - It also appears from the record that defendant's counsel requested that the following question be submitted to the jury: "Did the plaintiff rely upon such false and fraudulent statement and was he deceived thereby," which request was denied.

Thus it appears that the issues raised by the sixth question, unanswered, and the request refused, were not passed upon by the jury.   The complaint alleges that the mare had mange, which disease rendered her of no value; that, for the purpose of inducing the plaintiff to purchase, the defendant falsely and deceitfully represented that the mare had chicken lice and that such trouble was of little or no consequence; that plaintiff had never heard of or knew anything about either of the diseases known as chicken lice or mange, and relied wholly upon the statement of defendant concerning the disease of the mare.

The evidence tends to show that the mare and colt at the time of sale to plaintiff, if the mare were sound and without blemish, were worth $350, and that the defendant did not represent the mare as sound, and refused to give any warranty except a written warranty to the effect that the mare had no heaves and was not wind-broken.

The main controversy on the trial was whether the mare had mange, and the jury found that she had not, but had eczematous condition resulting from mange, and that this condition was evidenced by bare spots on the neck where the hair had come off or had been rubbed off and the thick and corrugated condition of the skin at the affected places.   This con-

dition, or a somewhat similar condition, had existed for two or three years before the sale to plaintiff, except that the extent of the surface affected and size of the bare spots varied.

It also appears from the evidence that the plaintiff kept the mare over five months before offering to return her; that defendant bought the mare from one Schuster about a month before he sold her to plaintiff; that at the time he bought her she was worth $230; that the colt was worth $50. There is no direct evidence as to the damage caused by the eczematous condition, or how much, if at all, it reduced the value of the mare, or whether it was more injurious than the affliction of chicken lice. On the contrary the evidence is that when defendant bought the mare from Schuster she was worth $230, and there is no evidence that she was worth less when sold to plaintiff, and there is no dispute that the colt was worth $50. There is evidence that the mare was in good condition when sold to plaintiff, ran in the pasture with her colt and other horses, and that the other horses showed no signs of infection; that Schuster bought her in 1908 and owned her a little over two years; that she had some bare spots on her neck when he bought her, but the spots did not bother her when he had her; that he worked her double nearly every day. The spots remained about the same as when Schuster had her. Now upon the evidence it is very clear that the jury would be warranted in finding that the alleged concealment or misrepresentation caused no damage to the plaintiff, because it was not a misrepresentation or concealment of a material fact which was a substantial part of the consideration of the contract.

The learned trial court seems to have decided the case upon the ground that the defendant concealed or misrepresented a material fact which was known to him but not known to the plaintiff. It is not easy to see how an affliction which was so patent that any one with his eyes open could see it was a latent defect. Of course it is true, as the evidence tends to show, that it was not easy to see just what the affliction was, whether

mange or eczematous condition resulting from mange, or chicken lice, and in that regard it may be said to be a latent defect. But in any event upon the evidence produced it was for the jury to say whether the affliction went to the substance of the consideration of the contract. The learned trial judge below in his opinion relies upon *Dowling v. Lawrence,* 58 Wis. 282, 16 N. W. 552; *Mannel v. Shafer,* 135 Wis. 241, 115 N. W. 801; and *Hoe v. Sanborn,* 21 N. Y. 552.

In *Dowling v. Lawrence, supra,* the court states the law on this point as follows: "Whenever one person misrepresents or conceals a material fact,—that is, a fact which is substantially the consideration for the contract, and which is peculiarly within his own knowledge,—such transaction will be void on the ground of fraud."

In *Mannel v. Shafer, supra,* it was found that the false and fraudulent representations, in substance, were that the land in question contained between 2,500 and 3,000 cords of standing timber, and that the standing timber did not in fact exceed 337 cords, and it was held that the parties were so situated in relation to the subject under consideration that the defendant was called upon to communicate to the plaintiff the true facts, and failure to do so was at his peril.

In *Hoe v. Sanborn, supra,* the articles sold, viz. circular saws, were manufactured by the vendor and had a latent defect which rendered them worthless, upon discovery of which they were immediately returned.

It will be seen that in all these cases the concealed fact was substantially the consideration for the contract. The special verdict in this case did not determine all the material issues, not only because the sixth question was not answered, but because the court refused to submit the question requested, whether the plaintiff relied upon the representation as to chicken lice or was induced to purchase by the concealment. The case made was peculiarly one which required the submission of such a question. Clearly, the evidence was not suffi-

cient to warrant the court in saying as matter of law that the plaintiff relied upon the concealment or misrepresentation. The evidence of some disease, chicken lice, mange, or eczematous condition resulting from mange, was patent. The plaintiff says in his complaint that he "had never heard of nor knew anything about either of the diseases known as chicken lice or mange." This being so, he could not well have known which was the more damaging to the mare, and since he bought upon the representation that the affliction was chicken lice, a disease which he did not know was less damaging than mange, he might well have bought if the representation had been that the mare had mange or eczematous condition. It is clear from the record that whether he relied upon the representation, or whether the concealment induced the purchase, was for the jury. If he did not rely upon the representation or was not induced to purchase by the concealment, he cannot recover in this action. *Smith v. Reed,* 141 Wis. 483, 124 N. W. 489, and cases cited; *Fowler v. McCann,* 86 Wis. 427, 56 N. W. 1085; *Puffer v. Welch,* 144 Wis. 506, 128 N. W. 895; *Field v. Siegel,* 99 Wis. 605, 75 N. W. 397; 9 Cyc. 427; *Francois v. Cady L. Co.* 149 Wis. 115, 135 N. W. 484.

It was prejudicial error to refuse the request to submit to the jury the question whether the plaintiff relied upon the alleged false and fraudulent statement. *Sherman v. Menominee River L. Co.* 77 Wis. 14, 45 N. W. 1079; *Hildman v. Phillips,* 106 Wis. 611, 82 N. W. 566; *Kruck v. Wilbur L. Co.* 148 Wis. 76, 133 N. W. 1117; *Habhegger v. King,* 149 Wis. 1, 135 N. W. 166.

It is argued by respondent that the appellant, in moving for judgment upon the verdict and the undisputed evidence, submitted his whole case to the court, as well upon the facts as upon the law, therefore the court had the right to make findings upon material issues not covered by the questions answered. This is not the rule in this state. *Nat. C. R. Co. v. Bonneville,* 119 Wis. 222, 96 N. W. 558; *Thompson v. Brennan,* 104 Wis. 564, 80 N. W. 947; *Habhegger v. King, supra.*

We are cited by counsel for respondent to the following authorities: *Farrell v. Hennesy,* 21 Wis. 632; *Hinton v. Coleman,* 76 Wis. 221, 45 N. W. 26; and *Charles Baumbach Co. v. Hobkirk,* 104 Wis. 488, 80 N. W. 740. But we cannot see that these cases support the respondent's contention here.

Other errors are assigned and discussed in appellant's brief but we need not consider them, since the judgment must be reversed on account of the errors already treated.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.