JOSHUA P. MADDOX *vs.* WILLIAM W. BROWN..

Cumberland.    Opinion November 19, 1880.

*Father and son.    Master and servant.    Liability of master for torts of the servant.*

A son for purposes of his own, in the absence of his father and without his knowledge, took his father's horse and carriage, and left the horse unfastened in the street, and the horse being frightened ran away, and the carriage collided with the plaintiff's, and injured the same; *Held,* that the father was not liable.

The master is liable for every wrong of his servant, committed in the course of his service, and for the master's benefit, though no express command or privity of the master be proved. Otherwise, if the servant is acting on his own account, and not executing the commands or doing the work of his master.

ON EXCEPTIONS from superior court, Cumberland county.

The case is stated in the opinion.

*M. P. Frank,* for the plaintiff, contended that if there was an express or implied assent on the part of defendant for his son to use the horse and carriage at the time when the damage was done, or if the defendant intrusted his son with the use, management and control of his teams whenever the son wished, then the defendant would be liable. Wharton on Negligence, § 166; *Sleath* v. *Wilson,* 38 Eng. C. L. 249; *Goodman* v. *Taylor,* 24 Eng. C. L. 385; *Lashbrook* v. *Patten,* 1 Duvall, (Ky.) 316.

*Strout & Holmes,* for the defendant, cited: *Beaver* v. *Taylor,* 93 U. S. 46; *State* v. *Reed,* 62 Maine, 139; *State* v. *Pike,* 65 Maine, 111; *McIntosh* v. *Bartlett,* 67 Maine, 130; *Harriman* v. *Sanger, Idem,* 442; *Hawks* v. *Charlemont,* 107 Mass. 414; *Howe* v. *Newmarch,* 12 Allen, 49; *Levi* v.·*Brooks,* 121 Mass. 501; *Barden* v. *Felch,* 109 Mass. 154; *Chandler* v. *Deaton,* 37 Tex. 406; *Wilson* v. *Garrard,* 59 Ill. 51; *Paulin* v. *Howser,* 63 Ill. 312; *Edwards* v. *Krume,* 13 Kansas, 348.

APPLETON, C. J.    The defendant's son, a minor of the age of seventeen years, took his father's horse and carriage, which he had been allowed to use without restriction, and drove to a store for the purpose of depositing money, which as treasurer of a

Sabbath school, he had received the day before. Entering the store to make the deposit, he left his horse unfastened and unattended, and the horse so left started, and running away, the defendant's carriags collided with the plaintiff's team and occasioned an injury, to recover compensation for which this action is brought.

The horse and carriage were taken by the son in the absence of the defendant, and without his knowledge.

It is not pretended that the son was an unfit person to be entrusted with the use of the horse, or that the horse was unsafe or unsuitable. The plaintiff claims to recover, not on the ground of the parental and filial relation, but because the son in the management of the defendant's team was his servant, and engaged in his business, and that the defendant was liable for his negligence.

The master is liable to third persons for all damages resulting from the negligence of his servants, acting under his orders, or in the course of his business. Specific directions are not required. It is sufficient if the act was one within the range of the servant's employment. The general rule, as judicially declared in England, is that the master is answerable for every wrong of his servant committed in the course of the service and for the master's benefit, though no express command or privity of the master be proved. Wharton on Negligence, § 161; *Mitchell* v. *Crassweller*, 76 Eng. C. L. 236.

A master is not liable for his servant's torts when not in his employ. If a master gives his servant liberty for a day to go to a fair and to take his horse and wagon, he is not liable to third persons for an injury done by the servant during the day with his horse and wagon. *Bard* v. *Yohn*, 26 Penn. 482. The owner of a horse and carriage is not liable for an injury caused by the negligent driving of a borrower, to a third person, if not being used at the time in the owner's business. *Herlihy* v. *Smith*, 116 Mass. 265. So in *Sheridan* v. *Chadwick*, 4 Daly, 338, a coachman, after having used his master's horse and carriage in going upon an errand for his master, instead of taking them to the stable, used them in going upon an errand of his own, without

his master's knowledge or consent, and, while so doing, negligently ran into and injured the plaintiff's horse ; it was held that the master was not liable.   If a servant does a wrongful or negligent act without the authority, and not for the purpose of executing the orders or doing the work of his master, the latter is not responsible in damages therefor.   *Howe* v. *Newmarch*, 12 Allen, 49.

The relation of master and servant must exist at the time of the injury.

It cannot be pretended, that, under the circumstances stated, the boy was engaged in the business of his father or acting for him.   The jury could not have drawn the inference that he was so engaged or was so acting.   It would have been unauthorized from the evidence.

The instructions given were correct, and those requested, so far as proper and applicable, were given.

*Exceptions overruled.*

WALTON, BARROWS, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.