Winkler, Respondent, vs. Fisher, Appellant.

*February 4 — February 23, 1897.*

*Master and servant: Parent's liability for negligence of child.*

If a minor son, living with his father, having been directed by the latter to take his gun with him to the cornfield and to shoot crows there when he had spare time, and promised ten cents apiece for all he should kill, instead of remaining in such cornfield goes off his father's premises hunting other game, and, when several miles

away, by his negligence in handling his gun injures another person, the father is not liable therefor, because the son was not at the time of the accident in his father's employ or in any sense his servant for such purpose.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

Action for personal injury alleged to have been inflicted upon plaintiff by a servant of defendant. William Fisher, a son of defendant, about sixteen years old, with a boy by the name of Bert Seeber, on or about the 19th day of August, 1894, while on a hunting expedition, stopped at the residence of a Mr. Mack, for the purpose of procuring a string with which to tie together some squirrels they had killed. Several persons were sitting on the steps of the porch, and plaintiff was sitting on a barrel at the end of the steps, which positions such persons kept until the happening of the accident hereafter mentioned. The Seeber boy went into the house for the string. The Fisher boy remained outside, and stood leaning on his gun, which stood in front of him, stock down, his hands resting on the muzzle. He was about sixteen feet from plaintiff. In a few moments the Seeber boy returned, and they both prepared to proceed on their hunting expedition. As they did so the Fisher boy picked up his gun by the muzzle, and swung it over his head, for the purpose of resting it on the left shoulder. In making such movement, the gun left his hands, and went over his left shoulder, onto the ground, and was discharged. A shot struck some hard substance, from which it glanced, and struck plaintiff in the eye, causing the injury complained of.

The complaint, by proper allegations, set forth that the Fisher boy was a servant of defendant at the time of the occurrence stated, and was then in pursuit of his employment as such servant; that he handled the gun in a negligent manner, thereby causing the injury to plaintiff; and

Winkler vs. Fisher.

that by reason of the relations existing between defendant and his son, of master and servant, the former was answerable for the negligence of the latter. The jury found for the plaintiff. Defendant's counsel moved the court to set aside the verdict, and for a new trial, which was denied. Judgment was entered on the verdict in plaintiff's favor, and defendant appealed.

For the appellant there was a brief by *Felker, Goldberg & Felker*, and oral argument by *C. W. Felker*.

For the respondent the cause was submitted on the brief of *G. W. Cate*. He contended that the son, having no other employment, was presumptively the servant of his father, the defendant. *Gerhardt v. Swaty*, 57 Wis. 24, 37; *Schaefer v. Osterbuck*, 67 id. 495. By employing him to hunt with a gun the father assumed the risk of his carelessness. *Enos v. Hamilton*, 24 Wis. 658; *Shea v. Sixth Ave. R. Co.* 62 N. Y. 180; *Oliver v. N. P. Transp. Co.* 3 Oreg. 84; Wood, Master & S. § 307.

MARSHALL, J. The master is liable for the negligent acts of his servant within the scope of the latter's employment. If the servant steps aside, however, from his master's business, though but temporarily, to do some act outside the business of his master, the relation of master and servant during such time is suspended; and, whatever the latter does during such time, the consequences are not chargeable to the former. 14 Am. & Eng. Ency. of Law, 809. That sufficiently states the law applicable to this case, and the jury was so substantially instructed by the court. Under such instructions, on the evidence, they found specially that the Fisher boy, on the day of the accident, was employed by defendant to shoot crows, at ten cents apiece, and that he was in defendant's employ under such contract, and acting within the scope of such employment, at the time of the accident. Such finding is challenged as contrary to the law

Winkler vs. Fisher.

and the evidence, which raises the principal question for our consideration.

The evidence tends to show that, on the morning in question, defendant told his son to go into the field and shoot crows, whenever he had· spare time, and that defendant would give him ten cents apiece for all he would kill; that on.the day previous the two boys arranged to go hunting; that, pursuant to such arrangement, they started out about 12 o'clock, and went from place to place, through the woods, wholly outside defendant's farm, for the purpose of shooting game other than crows; that up to about 4 o'clock in the afternoon they had killed two squirrels, at which time they were about two miles from defendant's house, and in the vicinity of Mack's house. They then agreed to go through a piece of woods back of the latter's house, and from there home. At the suggestion of the Seeber boy, they stopped at Mack's house to get a string to tie the squirrels together. After the string was procured, and as they started to leave, and just before the accident happened, the Fisher boy said: " We must be going, or we. will not get many crows. Father offered us ten cents apiece for all the crows we would kill to-day." Such, in substance, is the evidence bearing on the question of the relation between defendant and his son at the time of the accident. We fail to find any evidence tending to show that during the day the boy had been hunting crows in his father's field or elsewhere, under contract with the latter or otherwise, or that he was, at the time of the accident, in his father's employ, hunting, and his servant for such purpose in any sense whatever. The verdict of the jury to the contrary, clearly, is unsupported by the evidence; and the judgment must be reversed, and a new trial granted, for that reason.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.