LIPSKY, Respondent, vs. C. REISS COAL COMPANY, Appellant.

*September 8—September 29, 1908.*

*Master and servant: Injury to servant: Negligence:* Res ipsa loquitur: *Questions for jury: Evidence: Burden of proof: Instructions to jury.*

1. From the mere fall of a timber constituting a part of a building or structure provided as a place in which employees are to work, arises a reasonable inference that the owner of the struc-

ture, the employer, has failed in his duty either to make it safe in original construction or to exercise reasonable diligence and care to keep it safe.

2. In an action for injury to an employee caused by the fall of a timber constituting part of the superstructure of a coal dock, the question whether defendant had proved a reasonable possibility that the loosening of the timber was caused by the partial collapse, within a few days of the accident, as a result of rain, of a somewhat remote part of the dock, and had thus averted the inference of negligence from the accident itself, is *held* to have been one for the jury.

3. The inference of negligence which in a proper case may be drawn from the accident itself is one of fact, and the authority of the jury to decide whether it should be drawn can be excluded only in presence of undisputed proof, not merely testimony, that such negligence did not occur.

4. Proof of inspection of a structure may be evidence in disproof of negligence inferable from the happening of the accident, but is not necessarily conclusive disproof.

5. Even though in such a case defendant has explained or accounted for the fall of the timber in such a way as to overcome the presumption of negligence arising from the accident itself, the fact that the timber fell and the necessary or natural inferences from that fact may still be considered by the jury, in connection with all other facts and evidence, in determining whether or not the fall was due to defendant's negligence.

6. In an action based on alleged negligence of defendant the burden of proof to satisfy the jury of the existence of such negligence is at all times upon the plaintiff, but when he has proved a situation which, unexplained, authorizes an inference or presumption of such negligence, and a specific defensive fact is testified to on behalf of defendant, the jury are not justified in finding the existence of that specific fact unless satisfied by a preponderance of the evidence.

7. In an action for injury to an employee caused by the fall of timber constituting part of the superstructure of a coal dock, an instruction to the jury which is claimed to have put upon the defendant the burden of disproving negligence, but which the jury must have understood to mean merely that they would not be justified in finding that there had been complete and adequate inspection of the structure by defendant unless satisfied thereof by the greater weight of the evidence, is *held*, while unfortunate in its language, not to have been prejudicially erroneous.

Lipsky v. C. Reiss Coal Co. 136 Wis. 307.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

Defendant in and for some years before November, 1905, maintained a coal dock on the south side of the river at Sheboygan, which consisted of a floor at a convenient height above the water for unloading, and a superstructure consisting of upright posts extending from the ground to about thirty feet above the floor and, generally, 12x12 in size. These posts were twelve feet apart in one direction and twenty-four feet apart in another. They were surmounted by horizontal beams of about similar size running from one post to the other, both north and south, upon which were laid a system of tracks for tram cars and for certain heavy derricks used in elevating and distributing coal both from vessels and from the floor of the dock. The upright posts were braced to the horizontal beams by 8x8 inch timbers twelve feet in length, placed at an angle of forty-five degrees, either spiked or bolted at each end to the upright and the horizontal timbers, which at the time and place in question had been in place about five years. The dock had been built by or for the defendant.

On November 28, 1905, plaintiff was a common laborer employed by the defendant to shovel coal on the floor of this dock, and, while so engaged, one of these braces, with no apparent present reason, dropped from its place upon plaintiff, causing him serious injuries. There was evidence that the brace was insecurely fastened both to the upright post and the horizontal beam; that is, that it was merely spiked to each, and that the spikes originally penetrated the beams only from one to two inches. There was also some evidence tending to prove that generally through that part of the dock these braces had become parted from the timbers to the extent of one half or three fourths of an inch, and that they were subjected to frequent blows from the dropping of coal

upon them and to much jar from the running of tram cars
and the operation of the derricks.

The negligence of the defendant alleged was "failing to
provide plaintiff with a reasonably safe place in which to
perform his work; that said place was unsafe and dangerous,
because of insecure, careless, and negligent fastening of the
brace."

The jury, by special verdict, found (1) that the brace
which fell was so insecurely fastened to the timbers as to
make the place not reasonably safe; (2) that such condition
of insufficient fastening had existed for such a length ·of
time that the defendant, in the exercise of ordinary care
and vigilance, ought to have known it; (3) that plaintiff's
injury was the natural and probable consequence of defend-
ant's failure to discover and repair the defective fastening;
(4) that defendant should have foreseen that such insuffi-
cient fastening would be likely to result in personal injury
to an employee; (5) that ordinary care on plaintiff's part
would not have informed him of the insufficient fastening;
(6) that there was no failure of ordinary care on plaintiff's
part which contributed to cause the injury; and (7) dam-
ages $5,333.  After denial of a motion to reverse the an-
swers to the first, second, third, and fourth questions, or, in
the alternative, to set aside the verdict and grant a new trial,
judgment was entered upon the verdict, from which the de-
fendant appeals.

For the appellant there was a brief signed by *Charles A.
Vilas,* attorney, and *Edward P. Vilas,* of counsel, and oral
argument by *Charles A. Vilas.*

For the respondent there was a brief by *O'Connor, Schmitz
& Wild,* and oral argument by *A. J. Schmitz.*

Dodge, J.  Primarily the appellant contends that the
verdict is wholly without evidence in its support.  With
this contention we can in no wise agree.  In the first place
we think that from the mere fall of a timber, the constituent

part of a standing building or structure provided as a place
in which employees are to work, there arises an entirely rea-
sonable inference that the owner of that building, the em-
ployer, has failed in his duty either to make it safe in origi-
nal construction or to exercise reasonable diligence and care
to keep it safe. We can hardly conceive a clearer case for
the application of the rule *res ipsa loquitur*. In addition to
this, however, there was evidence of very inadequate original
fastening of these heavy braces, so that the jury might well
have reached the conclusion of unsafety in the original con-
struction.

Appellant further urges, however, that a conclusion of neg-
ligent unsafety could not be reached by the jury upon infer-
ence from the mere happening of the accident, for the rea-
son that it was proved that within a few days of the accident
there had occurred, as a result of rain, the partial collapse
of a certain slanting floor of a large pocket, which at least
might have caused the loosening of the brace which fell on
plaintiff. It is enough to say with reference to this conten-
tion that there was considerable evidence introduced by the
plaintiff from which the jury, in their field as judges of the
fact, might have found that such collapse could not have had
any effect upon the general superstructure of the dock or
upon the brace in question, considerably remote from the
pocket. Hence, although, as declared in *Musbach v. Wis.
C. Co.* 108 Wis. 57, 84 N. W. 36, it may be only necessary
to prove the reasonable possibility of some cause other than
defendant's negligence in order to avert the inference of
negligence from the accident itself, it was entirely compe-
tent for the jury in this case to say that no such possibility
had been proved.

It is further contended that any inference which might
otherwise be drawn from the fall of this timber that it was
insecurely fastened, or the defendant guilty of negligence in
relation thereto, was excluded by proof of the exercise of
due care in inspection of the dock by defendant's foreman

the morning before the accident. Upon examination of such evidence, however, which consists of the testimony of the foreman himself and his assistant, we find them to assert an extremely cursory glance about the dock, such that it was by no means certain to inform him as to the existence of looseness or other defect in these timbers, and it was within the jury's competency to consider and decide whether this did constitute such due care as might, under familiar rules, have overcome the inference of negligence. The inference of negligence which in a proper case may be drawn from the accident itself is one of fact, and the authority of the jury to decide whether it should be drawn can be excluded only in presence of undisputed proof, not merely testimony, that such negligence did not occur. *Vorbrich v. Geuder & P. Mfg. Co.* 96 Wis. 277, 285, 71 N. W. 434; *Groth v. Thomann,* 110 Wis. 488, 495, 86 N. W. 178; *Klitzke v. Webb,* 120 Wis. 254, 97 N. W. 901; *Montanye v. Northern E. Mfg. Co.* 127 Wis. 22, 31, 105 N. W. 1043. Proof of inspection may be evidence in disproof of negligence, but not necessarily conclusive disproof.

In this connection appellant complains of an instruction in the following words:

"If the fall of the brace is explained or accounted for by the evidence in such a way as to overcome the presumption that I have stated to you, then your answer to the second question must be 'No,' unless there is other and further evidence on the part of the plaintiff which, together with the effect of that presumption, satisfies you that the explanation offered by the defendant to show that ordinary care and vigilance were exercised by its representative fails to show satisfactorily by the greater weight of all the evidence on the subject that such vigilance and care were in fact so exercised."

It is extremely doubtful whether any exception to this instruction was not waived by a stipulation that in consideration of the taking up of defendant's motion for a new trial in the absence of exceptions he would confine himself to cer-

tain specific ones not including an exception to this portion. However, as we think it does not embody any prejudicial error, we have decided not to allow any uncertainty to stand in the way of its consideration.

The first objection is to that portion which tells the jury that, if an explanation of the fall of the brace has been made such as to overcome the presumption of negligence arising from that fact, they may then consider all evidence on the subject, including the effect of the presumption. Counsel argues that, if the presumption has been overcome by defendant's proof that it has exercised due care in certain respects, that presumption drops out of the case entirely, and that it was error to allow the jury to give it any further consideration. This view of appellant is based upon the idea that this so-called presumption is an artificial and conventional thing which either exists absolutely or is absolutely nonexistent. It is a little unfortunate that in some opinions the term "presumption" has been used instead of the word "inference." There is in the conclusion drawn under the rule *res ipsa loquitur* nothing unnatural, artificial, or peculiar. Human experience and action continually involve inference of one fact from the known existence of another, and from every event like the fall of a brace such as this some inference must be drawn by every mind: certainly the inference that at the moment of its fall it was not sufficiently secure to prevent the fall under then existing circumstances. The fall of the timber is one of the thoroughly established facts, and the court was entirely right in authorizing the jury to take into consideration that fact and the necessary or natural inferences therefrom in connection with all other facts and evidence in reaching their conclusion whether or not it was due to defendant's negligence.

Further, however, it is contended that in the last few lines the instruction throws upon the defendant the burden of proof to negative its negligence; in other words, to show that due care and vigilance were exerted. If we can reason-

ably believe that it may have been so understood by the jury, doubtless error lurks therein. The burden of proof to satisfy the jury of the existence and proximate responsibility of negligence in the defendant at all times rests upon the plaintiff, and yet when the plaintiff has proved a situation which, unexplained, authorizes an inference or presumption of such negligence, and a specific fact is testified to on behalf of the defendant, of course, in the nature of things, the jury are not justified to believe in the existence of that specific defensive fact, unless satisfied by the preponderance of evidence. This is obvious; for, if no evidence at all had been offered of inspection, the jury would not have been justified in finding that such inspection had taken place. We think it plain from the context of this paragraph with the preceding one that the words "such vigilance and care" refer, and must have been understood by the jury to refer, to what is previously described as ordinary care and vigilance to discover and repair the condition of the fastenings of the brace. The only thing in the evidence to which these phrases could apply was that of the foreman and his assistant, offered by defendant, that on the morning in question an inspection was made and no defects found calling for repair. If the jury understood merely that they were not justified in finding an adequate and complete inspection unless satisfied by the greater weight of the evidence that it had occurred, no error was committed. We think they could not reasonably have understood the language used otherwise; and, while the instruction quoted is unfortunate and not to be approved as a general rule of law, we think it not prejudicially erroneous here.

Certain assignments of error upon admission of evidence present no ground for reversal nor justification for their discussion in this opinion. We cannot agree with appellant's contention that the damages are excessive.

*By the Court.*—Judgment affirmed.