HIROUX, Respondent, vs. BAUM, imp., Appellant.

*November 13—December 1, 1908.*

*Automobiles: Master and servant: Negligence of servant: Injuries to third parties: Evidence: Independent contractor: Misleading instructions: Appeal and error: Review: Harmless error: Excessive damages.*

1. In an action for injuries by collision with an automobile owned by defendant but operated by defendant's son, the evidence, stated in the opinion, is *held* sufficient to support a finding that the son was acting as the father's servant.
2. In such case the fact that the son was running the automobile by authority of the father is sufficient to make a *prima facie* case of master and servant.
3. In an action for injuries by collision with an automobile owned by defendant it appeared that defendant's son was actually operating the machine, but under the instructions of a third person from whom the machine was purchased under an agreement to give the son such instructions. *Held,* that while the question as to whether or not the third person had possession

of the automobile as an independent contractor was close, the jury were warranted upon the evidence and the legitimate inferences to be drawn therefrom in finding that the son was the agent and servant of the defendant in the operation of the auto- mobile.

4. In an action for personal injuries the court instructed the jury that they must determine whether defendant was exercising such care as a man of ordinary prudence would exercise under similar circumstances, "and if you find he was *not*, then you will find that he was in the exercise of ordinary care." *Held*, taking the instruction in its literal sense, that it was more favorable to defendant than if the word "not" had been omitted, and was not prejudicial.

5. In an action for personal injuries by collision with an automo- bile, upon the evidence, stated in the opinion, it is *held* that a verdict for $1,200 damages was not excessive.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

The plaintiff was at work sweeping one of the streets in the city of Green Bay, Wisconsin, and was run into and injured by an automobile owned by appellant, *John Baum.* The appellant purchased the automobile a few days before the time of the accident, and had an understanding with Mr. Lucia, one of the members of the firm from whom the machine was purchased, that he would instruct the appellant's son, Cecil Baum, to run it. At the time of the injury Mr. Lucia and Cecil Baum were out with the machine and Cecil was running it. Defendant Cecil was seventeen years of age, living with his father, who was a merchant doing business in Green Bay, and occasionally worked in his father's store. The complaint charges defendants with negligence, and that the defendant Cecil was acting as the agent and servant of the defendant *John Baum,* and that said Cecil, while in the employ and acting as the agent and servant of *John Baum,* and with his sanction and authority, drove an automobile belonging to the defendant *John Baum* carelessly and negligently and ran into plaintiff, causing the injury. The defendant *John Baum* answered by general

denial, and the defendant Cecil answered by his guardian
*ad litem,* admitting that plaintiff was employed as a street
sweeper by the city of Green Bay and was at the time of the
accident sweeping Main street and was thrown upon the
ground in the street, and that defendant Cecil is the son of
defendant *John Baum,* and denied the other allegations of
the complaint. The jury returned the following verdict:

"(1) Was Cecil Baum the servant and agent of the de-
fendant *John Baum* in running the automobile at the time
the plaintiff was injured? *A.* Yes.

"(2) If you answer the first question 'yes,' then answer
this: Was Cecil Baum acting within the scope of his employ-
ment while driving the automobile at the time of the in-
jury? *A.* Yes.

"(3) Was Cecil Baum wanting in ordinary care in driv-
ing and managing the automobile prior to and at the time
it struck the plaintiff? *A.* Yes.

"(4) If you answer the third question 'yes,' then answer
this: Was such want of ordinary care the proximate cause
of the plaintiff's injury? *A.* Yes.

"(5) If your answer to the third question should be
'yes,' then answer this: Did any want of ordinary care on
the part of the plaintiff contribute to his injury? *A.* No.

"(6) What amount of money would compensate the plaint-
iff for his injury? *A.* Twelve hundred ($1,200) dollars."

The usual motions were made to amend the verdict, for
judgment in favor of the defendant *John Baum* upon the
verdict as amended, for judgment notwithstanding the ver-
dict, and for a new trial, which motions were denied and due
exceptions taken. Exceptions were also duly filed to the
charge of the court to the jury. Judgment was entered in
favor of the plaintiff upon the verdict, from which this
appeal was taken.

For the appellant there was a brief by *Aarons & Niven,*
and oral argument by *J. M. Niven.*

For the respondent there was a brief by *Kittell & Burke,*
and oral argument by *J. A. Kittell.*

KERWIN, J.   The plaintiff's theory of the case upon the trial below was that Cecil Baum was the agent or servant of appellant and therefore the appellant was liable for Cecil's torts.   The jury found for plaintiff upon that issue, and the question arises whether such finding has support in the evidence.   It is insisted by appellant that it has not.   There is evidence tending to prove that Cecil was seventeen years of age, lived with his father, occasionally worked in his father's store, but received no compensation for his services; that appellant bought the automobile from Lucia Bros. mainly upon the solicitation of his son Cecil about a week before the injury; that it was understood between appellant and Cecil that the latter should learn to run the automobile or car so purchased and teach the other members of the family to run it, or run it for their benefit; that by agreement between appellant and Lucia the latter was to teach Cecil to run the car, and it was understood, by arrangement between appellant and Cecil, that Cecil was to have the right to take the car whenever he had time and, with the aid of Lucia, learn to run it.   On the day in question Cecil took the car, and at his request Lucia went with him to teach him to run it, and after going a considerable distance Lucia turned the car over to Cecil to run, and Cecil was running it at the time of the injury; that from the time of the purchase the car was owned and controlled by appellant, and at the time of the injury was in the possession of Cecil, with the consent of appellant, for the purpose of learning to operate it under instructions from Lucia.   The jury would be entitled to find the foregoing facts from the evidence.   If Cecil was running the car by authority from appellant, that would be sufficient to make a *prima facie* case of master and servant.   *Gerhardt v. Swaty,* 57 Wis. 24, 14 N. W. 851; *Schaefer v. Osterbrink,* 67 Wis. 495, 502, 30 N. W. 922; *Davis v. Dregne,* 120 Wis. 63, 97 N. W. 512; *Stewart v. Baruch,* 103 App. Div. 577, 93 N. Y. Supp. 161.   The foregoing cases are quite anal-

-ogous in principle to the one before us, and we think support
the ruling of the lower court that the evidence was sufficient
to warrant the findings of the jury. On the question of the
agency of Cecil we are cited by counsel for appellant to
*Kumba v. Gilham,* 103 Wis. 312, 79 N. W. 325; *Winkler v.
Fisher,* 95 Wis. 355, 70 N. W. 477; and *Maddox v. Brown,*
71 Me. 432. In *Kumba v. Gilham, supra,* the son was clearly
acting beyond the authority or direction of the father and
contrary to his desire. In *Winkler v. Fisher, supra,* the son
disobeyed the express instructions of the father, and was not
at the time of the injury in his father's employ in any sense
whatever, but was acting contrary to his instructions. In
*Maddox v. Brown, supra,* the son took his father's horse on
business exclusively of his own and without the knowledge
of the father. The boy was in no way executing the orders of
his father.

It is further insisted that Cecil was not the servant of
appellant but the servant of Lucia, an independent con-
tractor, and *Carlson v. Stocking,* 91 Wis. 432, 65 N. W. 58;
*Kuehn v. Milwaukee,* 92 Wis. 263, 65 N. W. 1030; *Bauer v.
Richter,* 103 Wis. 412, 79 N. W. 404; *Smith v. Milwaukee
B. & T. Exch.* 91 Wis. 360, 64 N. W. 1041; *Salliotte v.
King B. Co.* 122 Fed. 378, 65 L. R. A. 620; *Bailey v. Troy
& B. R. Co.* 57 Vt. 252; and *King v. N. Y. C. & H. R.
R. Co.* 66 N. Y. 181, are cited. We have carefully examined
these cases and cannot discover that they are controlling upon
the question in appellant's favor. In *Carlson v. Stocking,
supra,* there was evidence that one Frazer had full control of
the dam and drive of logs in question, that he employed all
the men and furnished the supplies, and that the defendants
were merely to pay him a compensation for driving their
logs, the defendants participating in raising the dam and
operating the same in making the drive at the time in ques-
tion, and it was held that whether Frazer was an independent
contractor was a question for the jury. In *Smith v. Milwau-*

*kee B. & T. Exch.*, contractors had agreed to erect a build-- ing according to fixed plans and specifications, and it was held they were independent contractors, although the owner reserved the right of inspection. In *Kuehn v. Milwaukee*, *supra*, one who had a contract with the city to remove garb- age, with no right on the part of the city to control the mode or manner of performance of the contract, was held to be an independent contractor, although the city had the right to re- let the contract in case of "improper or imperfect" per- formance. Other authorities cited by appellant under this head are similar in principle to the foregoing.

The case before us turns upon whether or not Cecil was at the time of the injury in possession of and operating the car as servant of appellant, or whether Lucia had possession of it as an independent contractor. While we regard the question close, we have arrived at the conclusion that the jury was warranted upon the evidence and the legitimate in- ference to be drawn therefrom in finding that Cecil was the agent and servant of appellant in the operation of the car, and therefore cannot disturb the verdict upon that point.

2. Error is assigned upon the following portion of the charge:

"Now, if you are satisfied from all the circumstances of this case—you must take into consideration just what the young man was doing, what experience he had had, and what he knew about operating the machine, and what was on the street, everything that he saw or knew, and everything that he should, in the exercise of ordinary care, have seen or known, and determine just what he did, and just what happened, and determine whether he was exercising at the time such care as men of ordinary care and prudence would exercise under the same and similar circumstances, and if you find he was not, then you will find that he was in the exercise of ordinary care, in answer to this question."

It is very obvious that the use of the word "not," which made the portion excepted to read, "and if you find he was

not in the exercise of ordinary care," was clearly a slip in the use of the word "not" which the learned trial judge did not intend, and must have been so understood by the jury. This we think would be apparent to any juror of average intelligence from the connection in which the word "not" was used, as well as viewing the portion of the charge excepted to together with the balance of the charge. Besides, it will be seen that, taking this portion of the charge in its literal sense, it was more favorable to the appellant than if the word "not" had been omitted. A case in point is *Binns v. State,* 66 Ind. 428. Without further pursuing the subject, we are of opinion that there was no prejudicial error in the charge. *Hoffman v. Rib Lake L. Co.* 136 Wis. 388, 117 N. W. 789; *Lipsky v. C. Reiss C. Co.* 136 Wis. 307, 117 N. W. 805; *Kiekhoefer v. Hidershide,* 113 Wis. 280, 288; *Pelton v. Spider Lake S. & L. Co.* 132 Wis. 219, 112 N. W. 29; *Twentieth Century Co. v. Quilling,* 136 Wis. 481, 117 N. W. 1007; *Butler v. State,* 102 Wis. 364, 78 N. W. 590.

3. It is also contended that the damages, $1,200, awarded are excessive. We would be better satisfied, upon the facts of the case as disclosed by the evidence, with a smaller verdict. The court below refused to disturb the verdict, and the question arises whether we can reverse it because a new trial was not granted on account of excessive damages. It is true the actual expenses incurred by the plaintiff in consequence of the injury were small, the appellant paying the doctor's bill. The plaintiff is about sixty-three years of age and the injuries did not at first appear to be of a serious character. The principal injuries complained of were to the head and hip. The evidence of the doctors who examined him is quite strong to the effect that they were unable to find any physical injury to the hip and were obliged to rely upon plaintiff's statements, conduct, and behavior, nothing being observable of any consequences except a scalp wound, which healed in a short time. There is evidence, however,

tending to show that the machine was going eight or nine miles an hour; that plaintiff when struck was knocked down and rendered unconscious; that he had not at the time of trial recovered from the injuries, was unable to work, and suffered considerable pain; did not rest well for three weeks after the injury; was earning $1.50 per day when injured in July, and the case was tried in December, 1907. One doctor who made an examination two months before the trial found tenderness in the scalp wound, also soreness in hip which he thought would be permanent, and that the injuries complained of could have been received without leaving any external evidence of them; that the conditions he found came from the injuries received by plaintiff when struck by the car; that the result of an operation for relief of the scalp injury would be uncertain, and that plaintiff's head was permanently injured, and soreness continued in the hip and back. From a careful examination of the evidence we do not feel that this court would be justified in holding that the damages awarded by the jury are excessive. *Duffy v. C. & N. W. R. Co.* 34 Wis. 188; *Donovan v. C. & N. W. R. Co.* 93 Wis. 373, 67 N. W. 721, and cases cited. It follows that the judgment must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.