BERG, Administrator, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*May 3—June 1, 1911.*

*Railroads: Injuries to passenger: Wrongful act of servant: Pushing passenger from car: Instructions to jury: Inadvertent mistakes: Harmless errors: Evidence: Explaining conduct of trainmen: Impeachment of witness: Collateral issues.*

1. In an action for personal injuries, where the one issue was whether plaintiff's intestate was pushed from defendant's train by an employee and the verdict was to be a general one, an inadvertent statement by the court that the jury had nothing to do with the question as to whether defendant was liable or not, is *held*, though unfortunate, not to have been prejudicial to plaintiff, in view of the whole charge correctly submitting the issue.

2. Additional instructions given to the jury in such case after they had failed to agree and had returned into court, in which the court at first confused the name of plaintiff's intestate with that of another passenger who, it was claimed, had also been pushed from the train, but finally repeated in correct terms the charge originally given as to the controlling question in the case, are *held* not to have been misleading or prejudicial.

3. The rule that a judgment will be reversed if in one part of the charge the jury are incorrectly instructed, even though in an·

other part they are correctly instructed, does not apply to such a case as that above stated, but relates to instructions in conflict on the same point.

4. Defendant's duty to carry plaintiff's intestate safely not being denied or contested, refusal to charge the jury respecting the duty of a. common carrier was not error.

5. In an action for injuries alleged to have been sustained by plaintiff's intestate by reason of his having been pushed from defendant's train by an employee, the admission of evidence that there was on the train at the time in question a large crowd of men who were intoxicated, boisterous, and disorderly, for the purpose of explaining the conduct of the trainmen, was not an error prejudicial to plaintiff.

6.. The employee alleged to have pushed plaintiff's intestate from the train having testified that he did not push any one off the train, evidence offered by way of impeachment to show that he had pushed a third person from the train was properly excluded as raising a collateral issue.

APPEAL from a judgment of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge.  *Affirmed*.

This action was commenced to recover for personal injuries sustained by Charles Berg, who died pending the action, and upon his death it was continued by his administrator.  The complaint charges that the deceased sustained damages by being unlawfully pushed off a passenger car of the defendant at Port Edwards, while a passenger thereon.  The answer was a general denial.  A general verdict of no cause of action was rendered in favor of the defendant, from which this appeal was taken.

For the appellant there was a brief by *W. E. Wheelan*, attorney, and *Kreutzer, Bird, Rosenberry & Okoneski*, of counsel, and oral argument by *C. B. Bird*.

*D. D. Conway*, for the respondent.

KERWIN, J.   At the time of the injury the deceased, Berg, was a passenger on a regular train of the defendant going from Grand Rapids to Port Edwards.   It appears that there was quite a large crowd of men on the train at the time in

question, and that upon the way and at the time they were alighting from the train at Port Edwards they were quite boisterous and crowded and jostled each other. There is evidence tending to show that several of these men were apparently intoxicated and were disorderly, but that deceased was in no way connected with them. There is evidence that Graf, the baggageman, who was also acting as brakeman on the train, took hold of the deceased, Berg, and pushed him off the car platform, so that he fell upon his hands and knees upon the depot platform. There is also some evidence that, after Berg was pushed off, Graf pushed one Rick off in substantially the same manner, so that in landing Rick stepped upon Berg and "flew on over him against the depot." Graf testified that he never pushed the deceased or any other person off, and he is corroborated by other evidence.

Three errors are assigned for reversal on this appeal, which will be considered in their order.

1. It is claimed that the court erroneously instructed the jury on request by them for further instructions. At 2:45 p. m. the jury retired and came into court at 6 p. m., whereupon they were asked if they were likely to agree, and a juror answered "I do not think so." The jury again retired to consider their verdict. On the following morning at 9 o'clock they came into court. The court asked them if they had agreed and they answered that they had not, but stood right where they did during the night and had stood that way from the beginning. The court then asked if their disagreement was solely on the evidence, and a juror answered that it was a point of law which they did not quite understand. The court asked what the legal question was, and a juror answered,

"They want to know if this man Graf—or this man Rick was pushed off by any one else except Graf, if the company was liable, if he was pushed off by one of his own crowd?

"The Court: Well, the jury has nothing to do with the question as to whether the company is liable or not. The question for you to determine is whether Graf pushed him off or not.

If he did not, there is no testimony in the case I remember of tending to show that any other employee of the defendant pushed Mr. Berg off of the step of the car.

"Juror: Not Mr. Berg; Mr. Rick.   It is the man that stepped on Mr. Berg; Mr. Rick I think.

"The Court: Oh well, I think the instructions to you were that if you found by the fair weight of the whole evidence that Graf pushed Mr. Rick off from the car or steps, that then you should find for the plaintiff; and that otherwise if that fact was not established affirmatively, then you should find for the defendant.

"Juror: I don't think that is the way they all understood it.

"The Court: Well, that is the substance of the charge in that respect.   You should find—the question for you to determine from the evidence, within the rules that were given as applicable to the case, whether the deceased, Mr. Berg, was pushed from the car or steps by the defendant's servant, Graf, and was thereby caused to fall, and that he was injured in consequence of a fall thus occasioned.   That is the question just as clearly as I was capable of stating it.   That is the controlling question in the case.   Of course it is not proper for me to state to you the legal consequence of any findings, except so far as I have already stated.   I have told you what your verdict should be in the one case, and also in the other. You may now retire and consider your verdict further."

This colloquy between the court and a juror is complained of as reversible error, and the argument is that the jury were told in effect that they had nothing to do with the question as to whether the company was liable or not; that the question for them to determine was whether Graf pushed Rick off or not, and it is said in argument that the jury were given to understand and could have understood nothing else than that if Rick was not pushed off there was no liability, and that they were not concerned with the question of liability of the company.   The verdict being a general one, the statement of the court as to liability was rather unfortunate, but we do not think it was prejudicial in view of the whole charge.   The court doubtless referred, by the expression that the jury had

nothing to do with the question as to whether the company was liable or not, to the suggestion by the jury as to the effect of Berg being pushed off by some one other than the baggage-man, and the jury must have so understood it, because the jury were repeatedly instructed that if Graf pushed Berg off the plaintiff should recover. The complaint of counsel for appellant respecting the charge referred to is further based upon the statement of the court that if they found by the fair weight of the evidence that Graf pushed Rick off, then they should find for the plaintiff; otherwise if. that fact was not established affirmatively, they should find for the defendant. It is claimed by counsel for appellant that the jury were bound under this instruction to find whether Rick was pushed off, and that if they were not satisfied that Rick was pushed off by the brakeman then their verdict should be for the defendant, and that because nothing was said in this colloquy as to what their verdict should be if they found Berg was pushed off, the instruction was clearly prejudicial and misleading. But in the last words of the court in this colloquy the jury were expressly told that the question for them to determine from the evidence was whether deceased, Berg, was pushed from the car by Graf, and that they had been told what their verdict should be in the one case, also in the other. Moreover, an examination of the general charge shows that it was based upon the one issue which was raised by the complaint, namely, that if Graf pushed Berg off, then they must find for the plaintiff, otherwise not. So we are of opinion that the jury must have understood that to be the principal issue.

Counsel cites us to the proposition of law laid down by this court in several cases that where the court in one place correctly instructs the jury the judgment must be reversed if in another place it incorrectly instructs on the same point. But these cases do not quite reach the proposition here, but relate to instructions in conflict upon the same proposition. Here the instructions might well stand together, and one is not in

conflict with the other when rightly understood. It is quite apparent that the court in the colloquy referred to had reference to Berg and misspoke in using the name Rick. *Hiroux v. Baum,* 137 Wis. 197, 118 N. W. 533; *Gussart v. Greenleaf S. Co.* 134 Wis. 418, 114 N. W. 799; *Kelly v. Berry,* 39 Wis. 669; *Fisher v. Waupaca E. L. & R. Co.* 141 Wis. 515, 124 N. W. 1005; *Lipsky v. C. Reiss C. Co.* 136 Wis. 307, 117 N. W. 803. But, even if the court meant Rick, still the instruction was more favorable to plaintiff than to defendant and was not in conflict with other instructions.

2. Error is assigned in admitting evidence that there was on the train a large crowd who were intoxicated, boisterous, and disorderly, and in refusing to charge the jury as to the duty of a common carrier to its passengers. The evidence respecting the crowd being intoxicated, boisterous, and disorderly was received by the court below "for the purpose of explaining the conduct of the trainmen and whatever they did." We think no prejudicial error was committed in this regard. As to the refusal to charge the jury respecting the duty of a common carrier there was no error, because there was no question in the case as to the duty of a common carrier. The duty to carry safely was not denied or contested,—the one controverted issue being whether the brakeman, Graf, pushed Berg from the car.

3. Error is also assigned on the rejection of testimony of a third person that one Thorson was also pushed off the car by the brakeman, the brakeman having testified that he pushed no one off. The evidence of Thorson was offered on rebuttal as impeaching testimony. Objection to this evidence was sustained, and we think properly. To allow this evidence was simply to permit the raising of a collateral issue in the case which was not proper, and we think no error was committed in sustaining the objection to it.

We find no reversible error in the record.

*By the Court.*—The judgment of the court below is affirmed.