John Graham, by Belle Graham, Appellee, v. J. H. Page, Appellant.

Gen. No. 26,233.

1. AUTOMOBILES AND GARAGES, § 2*—*when parent is not liable for injury inflicted by member of family.* Authority, express or implied, to use an automobile, creates no liability on the part of a parent for injury caused through the negligent driving of the automobile by a member of the family while using it for some personal purpose of her own.

2. AUTOMOBILES AND GARAGES, § 2*—*when automobile is used for private purpose by member of family.* Where a daughter with the consent of the father used his automobile to call for her shoes which had been repaired, she was operating the automobile for a purpose of her own and was not engaged in the father's business, though the father purchased the shoes and also paid for the repairs.

Appeal from the Superior Court of Cook county; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in this court at the October term, 1920. Reversed with finding of fact. Opinion filed January 10, 1921.

BURT A. CROWE, for appellant; ROY A. NUTT, of counsel.

C. HELMER JOHNSON, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE DEVER delivered the opinion of the court.

A judgment was rendered in the superior court of Cook county against defendant and in favor of plain-. tiff for the sum of $3,500, which the defendant seeks to reverse by appeal to this court.

The accident out of which grew a claim for damages for personal injuries occurred September 11, 1918, on Blackstone avenue, a north and south street in Chicago, between 66th place and 67th street. The evidence discloses that the plaintiff, a boy of 15 years of age, was riding a bicycle out of an east and west alley between 66th place and 67th street into Blackstone avenue. Marva Page, the defendant's daughter, was at the time operating an automobile owned by defendant north on Blackstone avenue. As plaintiff passed out of the alley into Blackstone avenue he collided with the automobile and thereby sustained injuries.

J. H. Page and Marva Page were originally made defendants in the cause. Marva Page filed a plea of the general issue to the declaration and the defendant J. H. Page, the owner of the automobile, in addition to a plea of the general issue filed special pleas, in one of which he denied that at the time of the accident the automobile was being used, operated, controlled, propelled or driven by him or by his agents or servants. In another plea he denied that he "was possessed of, operating, controlling, propelling, driving or using said automobile."

At the close of all the evidence in the case the plaintiff dismissed the suit as against Marva Page and a judgment was entered against the defendant, J. H. Page, who brings the case to this court.

One of the contentions of the defendant J. H. Page is that under the special pleas the plaintiff failed to make out a prima facie case against him and that it was error on the part of the trial court to refuse to direct a verdict in his favor.

The evidence shows that the automobile at the time of the accident was not being used in furtherance of J. H. Page's business; it was being operated by Marva Page in and about an independent purpose of her own. We think the evidence does disclose that she had either express or implied authority to use the automobile, but under the holding in the case of *Arkin v. Page,* 287 Ill. 420, this fact in and of itself was insufficient to give rise to a right of recovery against J. H. Page. In testifying, Marva Page said:

"On this afternoon we went to the shoemaker's for a pair of shoes, and these shoes were to be worn by me. I got them. I left them there to be repaired. I was not employed in any occupation. I did work last summer. Before the accident I had not worked anywhere. I had not earned any money. My father supplied me with clothes. He bought my shoes and paid for them when they were repaired."

We are unable to agree with the assertion that Marva Page was not running the automobile for any purpose of her own. It is urged that the fact that she had called at the shoemaker's for shoes that had been repaired, which her father had purchased for her, does not take the use of the car "out of a use for the family in the father's business."

In the *Arkin* case, *supra,* it appears that a son of the owner of a car was on his way to the Lewis Institute where he intended to register for a course of study at a summer school, and that he used the automobile without consulting his parent who owned it. In deciding the case the Supreme Court said:

"The liability of Seth H. Page, if any, must rest upon the agency of George J. Page. Is the owner of an automobile, who has provided it for the use of his family for their pleasure, liable for an injury caused through the negligent driving of the automobile by a member of the family while using it for some personal purpose of his own? This question has arisen in many cases and the decisions of the

courts have been directly contrary, though all agree that the liability, if any, must rest upon the relation of master and servant between the driver of the automobile and the owner,—that is, upon the fact that the driver of the automobile was at the time engaged in doing the owner's business. * * *

"The cases cited by the defendant in error fully sustain the rules of law under which he claims the right to recover. On the other hand, there are many authorities which hold precisely the contrary. * * *

"The proposition announced is that a father, by the furnishing of the means of amusement to his family, has made their amusement his business, so that each member of the family, in using for his own personal enjoyment, upon his own initiative, any of the means so furnished, though engaged exclusively in the pursuit of his own peculiar ends, without the direction, control, advice, consent or knowledge of any other person, is still engaged, as agent, in carrying on the business of another. If the son is his father's agent to amuse himself with an automobile he must also be a like agent for his own amusement with bicycles, horses and buggies, guns, golf clubs, base balls and bats, row boats and motor and sail boats, if these should happen to be provided, and if, in carrying on his father's business by the use of any of these articles, as his father's agent, to amuse his father's son, he should negligently injure any one, his father would be liable as principal. Such a refinement of reasoning has not been recognized until since the advent of the automobile or in the case of another instrumentality. A parent who has permitted his child to have firearms or use horses for his own amusement has not been held liable for the child's negligence in using them as the father's agent. He has been held liable only for his own fault and not for the child's, and accordingly, where a son was driving a horse for his own amusement and not in his father's business, the father was not liable for his negligence. (*Brohl v. Lingeman,* 41 Mich. 711; *Maddox v. Brown,* 71 Me. 432.)"

In the *Arkin* case, *supra,* the Supreme Court dis-

cusses several authorities dealing with the question and a majority of that court was of the opinion that a father, the owner of an automobile, could not be held liable for the negligence of his son, the driver of the vehicle, where the evidence showed that the son had constantly used the car with the knowledge and consent of his father if it appeared, as it did in that case, that at the time of the accident the son was using and operating the car in and about his own business. It appears from the opinion that the son when driving the car was attending to a matter of only personal concern to himself, and precisely the same thing may be said of the driver of the car in the instant case. Marva Page, accompanied by a girl companion, was operating the car in connection with a personal matter, and regardless of what we might hold were the present case one of first impression, we are bound by the decision in the *Arkin* case. The question under consideration here is elaborately considered in the opinion of the Supreme Court in that case, and a dissenting opinion therein also discusses and analyzes authorities bearing upon the question.

It being our opinion that the present case is controlled by the decision of the *Arkin* case, the judgment of the superior court must be reversed.

The judgment of the superior court will be reversed with a finding of fact.

*Reversed with finding of fact.*

HOLDOM, P. J., and MCSURELY, J., concur.

Finding of fact. We find as a fact in the case that Marva Page was at the time of the accident in question operating the automobile owned by the defendant for a purpose of her own, and that she was not using the automobile in furtherance of the defendant's business.